UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEXTER McMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.3:09-CV-420 |
| | ) | (SHIRLEY) |
| LINDA MILLER and DEBORAH HAYES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

This action comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this court in consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

Title 28 U.S.C. § 1915 ensures impoverished litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948); Neitzke v. Williams, 490 U.S.319, 324 (1989). The statute "allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit." Denton v. Hernandez, 504 U.S. 25, 27 (1992).

The court's review on an *in forma pauperis* application is normally based solely upon a person's demonstration of poverty in his affidavit. See Gibson v. R.G. Smith Co., 915 F.2d 260,

1

262-63 (6th Cir. 1990). To meet the requirements for an order to proceed *in forma pauperis*, the petitioner must show, by affidavit, that they are unable to pay court costs and fees. 28 U.S.C. § 1915(a). An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot, because of poverty, pay for court costs and fees and still be able provide himself and his dependants with necessities. Adkins, 335 U.S. at 339. The decision to grant or deny such an application lies within the second discretion of the court. Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. Gibson, 915 F.2d at 262-63; see Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief may be granted. See also Neitzke, 490 U.S. at 319.

Plaintiff has herein filed a Complaint alleging forgery by the Plaintiffs. In McMillan v. Miller, *et. al*, Case No. 3:09-CV-215, Plaintiff filed a "Complaint for Violation of Civil Rights" [Doc. 3 therein], which made allegations that were virtually identical to those made in the present matter. Case No. 3:09-CV-215 was dismissed by United States District Judge Thomas Varlan [Doc. 5 therein] on May 28, 2009.

Further, Diversity jurisdiction is lacking in this claim based on the allegations in the Complaint because all of the parties are citizens of Tennessee. Title 28 U.S.C. § 132 requires an action between "citizens of different States" and involvement of a controversy exceeding the sum or value of $75,000. There is no allegation that any of the parties are citizens of states other than Tennessee, and therefore, the Court finds that diversity jurisdiction is lacking in this case.

Federal question jurisdiction is also lacking in this matter. Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In his complaint, Plaintiff argues that the Defendants have committed forgery in violation of the United States Constitution. However, forgery is a claim based upon state law and is not a cause of action which entails a federal question.

Further, the Plaintiff's allegations are, in substance, an attempt to again challenge the validity of a conviction. Plaintiff's conviction has not been overturned or declared invalid. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted, because his claim necessarily implies the invalidity of a state conviction.

Accordingly, it is **RECOMMENDED**[1] that the Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be granted. It is recommended the Complaint be dismissed without prejudice to the Plaintiff's rights to re-file here

---

[1] Any objections to this report and recommendation must be served and filed within (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendations are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).

or in State Court. This Complaint lacks any arguable basis for recovery in Federal Court. Neitzke, 490 U.S. at 319.

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson, 195 F.2d at 263 (stating that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*).

Respectfully Submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge