UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEXTER McMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-420 |
| | ) | (VARLAN/SHIRLEY) |
| LINDA MILLER and DEBORAH HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on the Order on Application to Proceed Without Prepayment of Fees and Report and Recommendation (the "R&R") filed by United States Magistrate Judge C. Clifford Shirley, Jr. on October 9, 2009 [Doc. 4]. Judge Shirley recommended that Plaintiff Dexter McMillan's Application to Proceed in Forma Pauperis [Doc. 1] be granted, but that his Complaint [Doc. 2] be dismissed under 28 U.S.C. § 1915(e) because the complaint is frivolous, and fails to state a claim upon which relief may be granted. Mr. McMillan filed an objection to Judge Shirley's report and recommendation [Doc. 5].

The Court must conduct a de novo review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his complaint, Mr. McMillan asserts a claim based upon alleged violations of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution [Doc. 2]. He alleges that defendants Linda Miller and Deborah Hayes, both identified as court reporters and citizens of Tennessee, "manufacture[d] a transcript of a conviction that has never happen[ed] in open court, on the day of June 7, 1988" [*Id.*]. Mr. McMillan further alleges that this "forgery" "has violated [his] due process of law and equal protection of the laws" [*Id.*]. He requests that this Court "show proof of the court hearing" on June 6, 1988, and June 7, 1988"; that the Court prevent state officials from retaliating against him for filing this suit; and that he be awarded $1,000,000.00 in compensatory damages and an additional $10,000,000.00 in punitive damages [*Id.*].

Mr. McMillan filed his in forma pauperis application [Doc. 1] contemporaneously with his complaint. Judge Shirley found that this application set forth sufficient grounds for proceeding in forma pauperis, and directed the clerk of court to file the complaint without prepayment of fees [Doc. 4]. Judge Shirley recommended that the clerk be directed not to issue process, however, because he found that Mr. McMillan's complaint was frivolous, and failed to state a claim upon which relief may be granted. For the reasons below, this Court adopts Judge Shirley's recommendation.

First, the Court agrees with Judge Shirley's recommendation that diversity jurisdiction is lacking in this matter. 28 U.S.C. § 1332 requires that an action brought in federal court

under diversity jurisdiction be between "citizens of different States" and involve a controversy exceeding the sum or value of $75,000. Based on the allegations in the complaint, all of the parties are citizens of Tennessee. The Court therefore agrees with Judge Shirley that there is no diversity jurisdiction in this case.

Second, the Court agrees with Judge Shirley that federal question jurisdiction is lacking in this matter. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In his complaint, Mr. McMillan argues that the defendants have committed forgery in violation of his rights under several Amendments to the U.S. Constitution. As Judge Shirley rightly noted, forgery is a claim based upon state law, and is not a cause of action which entails a federal question. The Court therefore agrees with Judge Shirley that there is no federal jurisdiction in this case.

Finally, the Court agrees with Judge Shirley that Mr. McMillan has failed to state a claim upon which relief may be granted. Judge Shirley construed Mr. McMillan's complaint as an attempt to challenge the validity of a conviction. As Judge Shirley explained, this conviction has not been overturned or declared invalid. The Court therefore agrees with Judge Shirley that Mr. McMillan has failed to state a claim upon which relief may be granted.

Mr. McMillan filed an objection to the R&R [Doc. 5] on October 29, 2009. In that objection, Mr. McMillan again claims that he has "been placed in the Knox County Detention Facility, on a false charge" [*Id.*]. He alleges that he has been at that facility "since

October 15, 2009 . . . without a lawyer" [*Id.*]. He further alleges that he has "been on the floor for over a week"; that he has been threatened with being "sent to segregation (lockdown) for asking" to be taken off the floor; that he is "being given medical attention that [he doesn't] need and has not ask[ed] for"; that he has been kept in a "medical Pod"; and that he has not been "given the chance to go to the law library" [*Id.*]. He requests that he be given the status of his case, and that he "hear from someone" about the way he is being treated [*Id.*].

Mr. McMillan's argument that he has "been placed in the Knox County Detention Facility, on a false charge" is simply a reassertion of the original grounds for his complaint, which the Court dismisses for the reasons already provided. As for the remaining arguments in his objection, 28 U.S.C. §§ 631 *et seq.* "does not allow the parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" "absent compelling reasons." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The Court finds no compelling reason to consider the new claims Mr. McMillan raises in his objection, which are wholly unrelated to the claim in his complaint.

The Court is in agreement with Judge Shirley's recommendations. The Court **ACCEPTS IN WHOLE** the Order on Application to Proceed Without Prepayment of Fees and Report and Recommendation [Doc. 4], and **DISMISSES** Mr. McMillan's Complaint [Doc. 2] under 28 U.S.C. § 1915(e) as frivolous, and for failure to state a federal claim upon which relief can be granted, but **WITHOUT PREJUDICE** to Mr. McMillan's rights to refile here or to file claims in state court. The Court notes, however, that in its current state,

4

Case 3:09-cv-00420-TAV-CCS   Document 6   Filed 12/02/09   Page 4 of 5   PageID #: 25

Mr. McMillan's complaint lacks any arguable basis for recovery in federal court. The clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE